**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

CHARLES JOE KESTER,               )
                                  )
            Plaintiff,            )
                                  )
     v.                           )          No. 1:25-cv-00216-SNLJ
                                  )
CALIFORNIA CHILD SUPPORT          )
SERVICES, et al.,                 )
                                  )
            Defendants.           )

**MEMORANDUM AND ORDER**

This matter is before the Court for *sua sponte* review of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; and, therefore, they are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3).

Generally, federal courts have no jurisdiction over domestic relations matters (i.e., domestic relations exception). *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *In re Burrus*, 136 U.S. 586, 593-94 (1890). Rather, state courts have exclusive jurisdiction over these matters. *See Ankenbrandt*, 504 U.S. at 703-04; *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court."). Here, plaintiff's entire claim is based on his dispute of

1

an alleged child support order that is based in the State of California and resulted in a judgment against him and withholding of said child support from his Social Security benefits in violation of federal laws and his constitutional rights.  In applying the domestic relations exception, this court lacks subject matter jurisdiction over plaintiff's claim.  *See Sturgeon v. Benton*, 242 F.3d 376 at *1 (8th Cir. 2000).

Assuming arguendo that the domestic relations exception was inapplicable to this case and this Court reviewed jurisdiction based solely upon plaintiff's alleged federal question jurisdiction, the *Rooker-Feldman* doctrine bars federal district court review of cases brought by state-court parties complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Here, since plaintiff's complaint essentially asks this Court to void a child support judgment and garnishment and undo a State of California child support order, the *Rooker-Feldman* doctrine bars this Court from intervening and vacating that State of California child support order. *Sturgeon*, 242 F.3d 376 at *1 (holding that *Rooker-Feldman* bars the federal court from considering constitutional challenges to adverse state decisions on modifications to a divorce decree); *see also Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996) (holding *Rooker-Feldman* bars federal consideration even when the plaintiff argues his procedural due process rights were violated by lack of notice in the state court action).  Again, this Court would not have jurisdiction to hear this case.

Finally, assuming that both the domestic relations exception and *Rooker-Feldman* doctrine did not apply, federal courts are required to abstain from exercising jurisdiction

2

under the *Younger* doctrine when doing so would cause "undue interference with state proceedings." *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989). In other words, the "*Younger* abstention requires that federal courts 'abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions.'" *Arseneau v. Pudlowski*, 110 F.4th 1114, 1117 (8th Cir. 2024) (quoting *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012)). Here, so long as the State of California proceedings are ongoing, all three factors are present. First, there is presumably an ongoing State of California child support proceeding based upon the fact that plaintiff is allegedly still being garnished for that child support order. Second, the State of California child support proceeding implicates important state interests. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) ("[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of the [*Younger*] doctrine."). Finally, plaintiff does not allege that the State of California does not permit him to raise his current claims and constitutional challenges there. Thus, because all three elements for *Younger* abstention are satisfied, the Court must abstain from exercising jurisdiction over plaintiff's claims.

If plaintiff wishes to challenge the State of California child support action and order, he must pursue his rights in that state court, whether by seeking reconsideration there, or by appealing the decision to the state appellate court. This Court does not have subject matter jurisdiction and cannot hear his claims.

3

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice**.

A separate order of dismissal will be entered.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be

taken in good faith.

Dated this 1st day of May, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

4